Good morning, Your Honors. Paul Kevin Wood for Petitioner Barouge Manasian. If it may please the Court, the I.J. found Mr. Manasian failed to establish a well-founded fear of future persecution. It's Manasian, isn't it? Manasian, correct, Your Honor. Okay, he said Manasian. I meant to say Manasian. I apologize. So the I.J. found that my client failed to provide or establish a well-founded fear of future persecution, but this is what he was attempting to do when his testimony was truncated by the I.J., who said, let's go ahead and next question. Mr. Manasian was therefore not provided a full and fair hearing because he wasn't able to provide his direct examination regarding changed country conditions. But I thought you wanted this case to go to mediation. Manasian, your client is married to an American citizen and has a pending I-130 application. That is correct, Your Honor. I only learned of this pending application a few weeks ago, and we did make a request for mediation a while back, which the Court did not act upon. Well, when did you do that? It was probably three, three and a half weeks ago. Oh, when you sent the letter in that said that? Correct, Your Honor. That both you and the government, you on behalf of your client and the government, Correct, Your Honor. wish to go to mediation?  I had spoken with the government's lawyer, and she said that the government would likely not oppose that, unless she wasn't permitted to stipulate to that request. That's what you want? That is correct, Your Honor, because All right, well, so what's the government's position on that? Why don't you come up here? Thank you. Norah Spalish-Forrest for DHS in this case. As a matter of policy, until the visa petition is approved, I cannot, on behalf of my client, agree to mediation, but certainly if the Court orders it, I'll be happy to comply on behalf of my client. We have no, and as of March 10th, the application was sent to the Los Angeles office to schedule the couple for an interview, so they're pretty close. So when is the interview? I don't know. I don't think they've scheduled it yet, but he's in the queue. But unfortunately, these are parallel tracks, and we can't lean on the client to expedite because the matter is, the applicant is in removal proceedings. They are aware, however. We can stay the proceedings, can't we? Absolutely, Your Honor. That is correct. Then you come back here if it's not granted within 30, 60 days, whatever. Okay. We're back here. Is that what you want? I think unfortunately, due to the backlog, I think 60 days is unfortunately unrealistic, I think. No, no, no. Did you say 60 days from the date of denial if it's denied? And otherwise, you withdraw the petition if it's granted. That would be fine. Well, would you rather go to mediation? But um. Have you ever been to mediation? Yes. I think. Do you like it? Well, there's nothing to mediate in this case. It's a question of there's either a decision on the merits, or the case should be held in abeyance pending the outcome of the I-130. And we're happy to agree to notify the court within 30 days of the decision, whether it's favorable or not. Well, how long do you think it's going to take? I'm sorry. I can't answer that. They've been very quick with. But it's your client. I know, but it is. As a matter of fact, it's you. It's the Department of Justice. Yes. But actually, my client is DHS. It's another agency now. But I cannot. Oh, that's right. I cannot ethically move this person ahead of other people in the queue. Because I cannot ask my client to do that. I would estimate from Petitioner's point of view that it would take a minimum of four months, perhaps six months to finish the application, just given the backlog that the government has. So why don't we grant a stay and then have you report the status every 30 days? Maybe every 60 days. 60 is probably a better idea.  I was going to ask if we could do a telephone conference call at the end. You have a judge from San Diego, one from Seattle, and one local judge. And I'm not going to fly from Seattle down here for one case if I can avoid it. Telephone conference would be fine. That would be fine. Although I'd love to see you all again. Thank you. It'll be snowing in Seattle 60 days from now. Pasadena is so much nicer to hear from back there. Yeah. Well, anyway. All right. Well, we'll send out an order. Thank you, Your Honors. We'll stay in touch. So the docketing for today can just show the matters continue subject to order, correct? Mary, is that what you want to do? Just continue it until? Well, what I want to do is talk to you about it later. All right. You know, there's the kids out there. You know, we should just talk privately. All right. Thank you, Your Honors. Okay. Thank you for your time. See you later. Yeah.
judges: Pregerson, Beezer, Thompson